# Richmond.

## MUSGRAVE AND OTHERS *v.* POPE'S EXECUTORS AND OTHERS.

DECEMBER 3, 1903. ·

Absent, Buchanan, J.*

1. WILLS—*Construction—Case in Judgment.*—A testatrix, by the third
   clause of her will, gave to an aunt the interest for her lifetime
   on six one-thousand-dollar bonds, and provided that upon the
   death of her aunt the principal of the bonds was to revert to her
   estate and be divided among her legatees "as in hereafter named,"
   and if the aunt died in her lifetime that clause of her will should
   be null and void. By subsequent clauses down to clause twenty-
   five she gave sundry legacies, including bonds, to others, on condi-
   tions mentioned. By clauses twenty-five to thirty-nine she gave
   "all my bonds, accounts, evidences of indebtedness of every de-
   scription, not hereinbefore disposed of" to certain legatees men-
   tioned. By clause forty she designated certain persons therein
   mentioned as her residuary legatees to whom she gave all of her
   "estate of every kind not hereinbefore disposed of." The aunt
   mentioned in clause three survived the testatrix several years.

   *Held:*

   The legatees mentioned in clauses twenty-five to thirty-nine,
   and not the residuary legatees mentioned in clause forty, take the
   principal of the six one-thousand-dollar bonds after the death of
   the aunt. The gift of the interest on the bonds to the aunt for life
   was not such a disposition of the bonds as would exclude them
   from the operation of the comprehensive language of clause
   twenty-five.

Appeal from a decree of the Circuit Court of Southampton
county, in a suit in chancery wherein the appellees, Pope's Ex-

*Judge Buchanan was detained at home by sickness.

ecutors, were the complainants, and the appellants and others were the defendants.

*Reversed.*

The opinion states the case.

*Watts & Hatton,* for the appellants.

*Joseph B. Prince, James L. McLemore, and William Shands,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

In the year 1895, Caroline R. Pope, of the county of Southampton, departed this life, after making and publishing her last will and testament, which was duly probated in the County Court of Southampton county, and the bill filed in this cause by her surviving executors in August, 1901, alleges that the provisions of her will have been fully carried out and executed, except with reference to six bonds for one thousand dollars each of the Georgia, North Carolina and Northern railroad, which had been held by the executors during the life of Nancy Briggs under item third of the will, which is as follows:

"I wish to give to my aunt, Nancy Briggs, during her life the interest on six one thousand dollar bonds, amounting to three hundred dollars *per annum,* said bonds described as follows—namely, bonds of the Georgia, North Carolina and Northern railroad, same being 5 *per cent.* coupon bonds, payable in gold, the interest payable semi-annually, 1st January and 1st July, respectively. Secured by first mortgage on said railroad and guaranteed by the Seaboard & Roanoke & Raleigh & Gaston railroad. Said bonds registered in my name, and maturing July 1st, 1929. The Mercantile Trust Company, of Baltimore, Md., trustees. The numbers of said bonds run from 2989 to 2992, inclusive.

"I wish these six bonds as mentioned to be set aside out of my estate and be held by my executors, and interest on same, which amounts to $300 annually, to be paid over to the said Nancy Briggs during her life for her maintenance and support. At the said Nancy Briggs' death, I wish the principal of said bonds, with whatever accrued interest thereon, to revert back to my estate and be divided among my legatees as *in hereafter* named. In the event my aunt, Nancy Briggs, should not be living at time my death, then this item is null and void."

This "item" is followed by items from 4 to 24, inclusive, creating sundry legacies of specific sums of money, bonds, or of personal effects, and devises, many of them to take effect upon the condition that the legatee or devisee survive the testatrix, or upon other conditions not necessary to be mentioned.

Item 25th is as follows: "It is my will and desire that all my bonds, accounts, evidences of indebtedness of every description, not hereinbefore disposed of, shall be divided into eleven shares, and I give to Reuben N. Musgrave one-half of one said shares." And by items 26 to 39, inclusive, the remaining ten and one-half shares of the eleven are disposed of to certain named legatees, and among them are the three persons declared by the testatrix in the fortieth item of her will to be her residuary legatees.

Item 40th is in these words: "I hereby declare as my residuary legatees Sarah E. Darden, wife of J. J. Darden; Mollie J. Darden, wife of James J. Darden, and Bettie T. Pope, widow of R. P. Pope, deceased, to whom equally I give all my estate of every kind not hereinbefore disposed of."

Nancy Briggs survived the testatrix and died in 1901, after there had been an entire administration of the testatrix's estate, except as to the six bonds upon which she had received to her death the semi-annual interest as it accrued, as provided by the third item of the testatrix's will. Therefore, the sole question presented for decision is whether these bonds and the interest

accrued thereon after Nancy Briggs' death passed, under the 25th item of the will, and to the legatees and in the shares specified in items 25 and 39, inclusive, or to the residuary legatees named in "item 40th," as held by the Circuit Court. This question is purely one of construction, and the principles of law applicable thereto are too elementary and well understood to require quotation or the citation of authority.

It cannot be doubted that the bonds in question passed either under item 25 or item 40 of the will, and as items 26 to 39 only designate those who were to take with Reuben N. Musgrave, the eleven shares into which the bonds, etc., of the testatrix were to be divided, they are to be considered as a part of item 25. If these bonds are excluded from the operation of item 25, it must be by reason of the words therein "not hereinbefore disposed of," which, as will be observed, appear also in item 40 after the words "all my estate of every kind." The only place in the will where the bonds are mentioned save in item 25 is in item 3, which concludes with the provision, that upon the death of Nancy Briggs, the principal of the bonds, with the accrued interest, should revert to testatrix's estate and be divided among her legatees "as in hereafter named," and in the event that Nancy Briggs did not survive the testatrix, that item of the will was to be null and void.

Had Nancy Briggs died before the testatrix, clearly the bonds would have passed to the legatees and in the shares named in items 25 to 39 inclusive, for it could not have been contended under those conditions that there had been any disposition of those bonds theretofore made in the will, and it is equally as clear, as it seems to us, that the testatrix did not intend that those bonds should go to one set of her legatees, or a different set, accordingly as Nancy Briggs chanced to predecease or to survive her. She merely gave the income from the bonds to Nancy Briggs during her life, if she survived the testatrix, and in either event, whether Nancy Briggs survived the testatrix or not, the bonds

themselves were undisposed of and were, therefore, not taken out of the operation of items 25 to 39, inclusive, of the will.

After providing that Nancy Briggs should have the income from the bonds in question during her life, if she survived the testatrix, and after making specific legacies or devises to certain named persons, conditional as to some and absolute as to others, the testatrix came to the disposition of the bulk of her estate, consisting, as is conceded, mainly of bonds, accounts and other evidences of indebtedness. The language employed is: "It is my will and desire that *all my bonds, accounts, evidences of indebtedness of every description not hereinbefore disposed of* shall be divided into eleven shares, and I give to Reuben N. Musgrave one-half of one said shares," and so on by that item of her will (item 25) and the items following, to 39, inclusive, until the eleven shares are disposed of. When read in connection with all that had gone before and that follows, and construed in their common and ordinary meaning, the words, *"all my bonds, accounts, evidences of indebtedness of every description,"* are too plain and comprehensive to admit of doubt that the testatrix had reference to and intended to include the six bonds in question as "not hereinbefore disposed of," and that they should pass to her legatees *named* in items 25 to 39, inclusive, whether Nancy Briggs died before she did and the third item of her will became null and void, or survived her, as she did, and the bonds reverted to the testatrix's estate upon the death of Nancy Briggs.

There had been, by the provisions of the will preceding item 25, disposition of bonds made, upon conditions, it is true, but these were doubtless the bonds in the mind of the testatrix when she made the disposition of *all her bonds,* etc., by items 25 to 39, inclusive, since she had only made disposition of the income from the six bonds in question to Nancy Briggs for life, if she survived the testatrix, and no disposition whatever of the bonds themselves.

We are of opinion, therefore, that the decree of the Circuit Court, holding that the six bonds in question, upon the death of Nancy Briggs, became the property of the. residuary legatees named in the 40th item of the will of the testatrix, Caroline R. Pope, is erroneous, and should be reversed, and the cause remanded to be further proceeded with in accordance with the views expressed in this opinion.

*Reversed.*